People v Barnhart (2018 NY Slip Op 02999)





People v Barnhart


2018 NY Slip Op 02999


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.


483 KA 16-00155

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JASON A. BARNHART, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (MICHAEL S. DEAL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (SHIRLEY A. GORMAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), entered November 12, 2015. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment that, upon his admission that he violated the terms and conditions of probation, revoked the sentence of probation imposed upon his conviction of criminal sale of a controlled substance in the fourth degree (Penal Law § 220.34 [1]), and sentenced him to a term of imprisonment, defendant contends that County Court erred in imposing an enhanced sentence based on his conduct after his admission and before sentencing. Defendant's contention is not preserved for our review because he "neither objected to the enhanced sentence[] nor moved to withdraw [his admission] on that ground" (People v Zelter [appeal No. 1], 6 AD3d 1103, 1103 [4th Dept 2004], lv denied 3 NY3d 683 [2004]; see People v Dumbleton, 150 AD3d 1688, 1688-1689 [4th Dept 2017], lv denied 29 NY3d 1091 [2017]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Contrary to defendant's remaining contention, the enhanced sentence is not unduly harsh or severe.
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court